UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-60237-CIV-SEITZ/MCALILEY

STUART WEITZMAN, LLC,

        Plaintiff,

v.

MICRO COMPUTER RESOURCES, INC,

        Defendant.
_____/

## ORDER DENYING MOTION TO STRIKE AND GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

THIS MATTER is before the Court on Plaintiff's Motion to Strike and/or Dismiss Defendant's Countercomplaint ("Plaintiff's Motion") [DE 35].  Plaintiff ("Weitzman") argues that Defendant's "Countercomplaint" should be stricken because Defendant ("MCR") missed the Court's Deadline to Amend Pleadings and the "Countercomplaint" is not a pleading under the Federal Rules of Civil Procedure.  Weitzman further argues the Countercomplaint should be dismissed because the Court does not have subject matter jurisdiction over MCR's state-law claims and that MCR has failed to state claims upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  Having reviewed the motion, the response and the reply thereto, the entire record and the relevant legal authorities, Weitzman's Motion to Strike the Countercomplaint is denied and Weitzman's motion to dismiss for lack of subject matter jurisdiction is granted.

**I.**    **Background**

The facts in the Countercomplaint,[1] taken in the light most favorable to MCR are as follows.  In this case, Weitzman invokes the Court's federal question jurisdiction seeking a

---

[1] The more appropriate term for MCR's "Countercomplaint" under the Federal Rules of Civil Procedure is a "counterclaim," and shall be referred to as such in this order.

declaratory judgment under 17 U.S.C. 117(a) (Copyright Act) that it may modify its copy of the computer software that MCR created for it ("Custom Software"). (Complaint, DE 1.) MCR is in the business of providing computer software and software programming support. (Counterclaim ¶ 5.) MCR's owners are Paul and John Fountas who each own 50% of the outstanding shares and are each directors of the company. (*Id.* ¶ 6.) Weitzman was an MCR client from the 1990's to early 2006. (*Id.* ¶ 7.)

MCR began performing services for Weitzman without a written agreement. (*Id.* ¶ 8.) It appears that at an undisclosed time a written agreement was prepared, but never executed. (*Id.*) The unsigned "agreement" purportedly forbids Weitzman from hiring any current or former MCR officers, employees or independent contractors to provide services for Weitzman. (*Id.* ¶ 8.) The "agreement" also prohibited Weitzman from hiring any other person to service the Custom Software. (*Id.*) MCR asserts that while John Fountas was an officer of MCR, he agreed that Weitzman would not sign the written agreement and instead, he would leave MCR and start a competing business with Weitzman as its client.[2] (*Id.* ¶ 9.) MCR also contends that John Fountas would bring into the new arrangement two key programers that worked for MCR, Jose and Francisco Araujo (the "Araujos"). (*Id.*)

On February 10, 2006, John Fountas and the Araujos left MCR. (*Id.* ¶ 10.) They immediately began working as independent contractors for Weitzman servicing and modifying the Custom Software. (*Id.* ¶ 11.) MCR's four-count Counterclaim alleges (1) aiding and abetting breach of fiduciary duty and breach of duty of loyalty; (2) tortious interference with advantageous

---

[2] John and Paul Fountas are currently adverse parties in a state-court proceeding regarding John Fountas' alleged breach of fiduciary duties. (Plaintiff's Motion at 8.)

business relationship; (3) breach of contract; and (4) quantum meruit.[3]

## II. Standard of Review

In its motion, Weitzman seeks to both strike and dismiss MCR's Counterclaim. A party may move to dismiss a complaint if it fails to allege facts sufficient to invoke the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party invoking jurisdiction bears the burden of producing the necessary facts to establish subject matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Further, Federal Rule of Civil Procedure 12(f) provides in relevant part that "[u]pon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (2006). Striking a pleading is a drastic remedy to be resorted to only when required for the purposes of justice. *Augustus v. Board of Public Instruction of Excambia County, Florida, et al.*, 306 F.2d 862, 868 (5th Cir. 1962).[4] The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy. *Id.* (citing *Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953)).

## III. Analysis

Weitzman first argues that MCR's Counterclaim should be stricken because: (1) MCR missed the Court's August 31, 2006 deadline to amend pleadings and (2) MCR's Counterclaim is not proper under the Federal Rules of Civil Procedure. Weitzman also argues that the Court lacks subject matter jurisdiction because the underlying facts concerning those claims are not related to

---

[3] Weitzman filed its Complaint on February 24, 2006 and MCR answered on April 26, 2006. MCR then filed its Counterclaim on August 31, 2006, which was the deadline to amend the pleadings. (DE 1, 13, 30.)

[4] All decisions of the former Fifth Circuit rendered prior to October 1, 1981 serve as binding precedent on the current Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

the ownership of the Custom Software.[5]

### A. Plaintiff's Motion to Strike

Weitzman's argument that MCR's Counterclaim was filed "well after the Court's cut-off date to amend pleadings" is plainly incorrect. As Weitzman clearly acknowledges, the deadline for joinder of parties and amendment of pleadings was August 31, 2006 and MCR's Counterclaim was filed on such date. (*See* DE 18.) Thus, Weitzman's motion is denied in this regard.

Weitzman also argues that MCR's Counterclaim is improper because it was not filed as part of a pleading, it was filed four months after the Answer was filed, and MCR did not seek leave of Court to amend its Answer to include the Counterclaim. Essentially, Weitzman is arguing that MCR attempted to amend its Answer to include a counterclaim without seeking leave of Court when it was required to do so.[6] Under Rule 15(a), a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may amend it any time within 20 days after it was served; otherwise a party may amend the party's pleading <u>only</u> by leave of court or written consent of the adverse party. Fed. R. Civ. P. 15(a) (emphasis added). Additionally, with respect to counterclaims, Rule 13(f) states that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." Fed. R. Civ. P. 13(f). The decision to allow a counterclaim to be pleaded is a matter of judicial discretion and may be reversed on appeal only if the party can demonstrate that the court

---

[5] Because the Court is declining to exercise subject matter jurisdiction over the Counerclaim, it is not necessary to discuss MCR's motion to dismiss pursuant to Fed. R. Civ. 12(b)(6).

[6] Even though MCR did not attach a copy of the originally filed Answer to the Counterclaim, the Court shall construe the Counterclaim to be filed as part of an Amended Answer.

4

abused its discretion.  *Rohner, Gehrig & Co. v. Capital City Bank*, 655 F.2d 571, 576 (5th Cir. Unit B 1981).

Here, MCR did not comply with the Rules as it did not seek leave to file an amended answer under Rule 15(a) or an omitted counterclaim under 13(f).  However, because the Counterclaim was filed by the deadline for the amendment of pleadings, and Weitzman has not shown that it was prejudiced by MCR's failure to file an amended answer and counterclaim as an attachment to a motion to amend, Weitzman's motion to strike is denied.

    **B.**  **Motion To Dismissed For Lack Of Subject Matter Jurisdiction**

The heart of the issue before the Court is whether it has subject matter jurisdiction over the proposed Counterclaim's four state-law claims.  The first step in a subject matter jurisdiction analysis for a counterclaim is to determine if the claims in the counterclaim are compulsory.  *Bakewell v. Fed. Fin. Group, Inc.*, 2006 U.S. Dist. LEXIS 23073, *7 (D. Ga. 2006).  If the counterclaim is compulsory, then the court will have jurisdiction.  If the counterclaim is permissive, then the court must determine whether to exercise its discretion to assert supplemental jurisdiction under 28 U.S.C. § 1367.

    1.  <u>Compulsory Counterclaims</u>

A compulsory counterclaim is one that arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. Fed. R. Civ. P. 13(a) (2006).  To determine if a counterclaim is compulsory, the Eleventh Circuit applies the "logical relationship test," under which a claim is compulsory if the same operative facts serve as a basis of both claims, or the aggregate core of facts upon which the original claim rests activates additional legal rights, otherwise dormant, in the defendant.  *Montgomery Ward Dev. Corp. v. Juster,* 932 F.2d 1378, 1381 (11th Cir. 1991).

In the original Complaint, Weitzman seeks a declaratory judgment pursuant to 17 U.S.C. § 117[7] adjudging and declaring that it is the rightful owner the Custom Software, which it purportedly purchased from MCR, and that Weitzman may rightfully use, maintain and modify the Custom Software with respect to its business activities without violating the rights of MCR.  Thus, the primary issue in the initial action is a determination as to who owns the Custom Software that Weitzman possesses.

In a factually similar case, the Second Circuit dealt with this issue.  *Krause v. Titleserv, Inc.*, 402 F.3d 119 (2nd Cir. 2005).  In that case, the appellate court determined that courts should inquire into whether the party exercises sufficient incidents of ownership over a copy of the program to be sensibly considered the owner of the copy for purposes of § 117(a).  *Id.* at 124.  To make this determination, the Second Circuit looked at the following five factors: (1) compensation for development of the software; (2) customization of the software for the buyer's business; (3) where the copies of the software were stored; (4) whether the software developer reserved the right to repossess the copies of the software used by the buyer and the extent of the buyer's rights to use the software; and (5) whether the buyer could destroy the software.  *Id.*  The appellate court held

---

[7] 17 U.S.C. §117 states as follows:

Limitations on exclusive rights: Computer programs

(a) Making of additional copy or adaptation by owner of copy.--Notwithstanding the provisions of section 106, it is not an infringement for the owner of a copy of a computer program to make or authorize the making of another copy or adaptation of that computer program provided:

(1) that such a new copy or adaptation is created as an essential step in the utilization of the computer program in conjunction with a machine and that it is used in no other manner, or

(2) that such new copy or adaptation is for archival purposes only and that all archival copies are destroyed in the event that continued possession of the computer program should cease to be rightful.

that notwithstanding any oral understanding that the buyer was just a licensee, the buyer did own its copy of the software. *Id.*

Thus, an analysis of such factors in the current case is necessary to dispose of Weitzman's declaratory judgment action. The operative facts supporting these factors, however, are not logically related to those supporting MCR's state-law claims. Both the aiding and abetting the breach of fiduciary duties claim in Count I and the tortious interference with advantageous business claim in Count II are premised on the fact that Weitzman wrongfully hired John Fountas and the Araujos or induced them to terminate their employment with MCR when they were obligated not to. The factual inquiry into these claims are specific to what actions Weitzman took in this regard and whether such actions were wrongful. This inquiry, while conceivably related to the Custom Software ownership issue in a general sense, does not logically relate to the elements of ownership claim as enumerated in *Krause*.

Furthermore, the breach of contract claim in Count III and quantum meruit claim in Count IV are related to software support and consulting services that MCR allegedly performed for Weitzman. An inquiry into such issue simply requires a calculation of hours worked by MCR employees and a damage assessment under the purported agreement, and has absolutely no bearing on the question of the Custom Software ownership. Accordingly, the Counterclaim is not compulsory and the Court must determine whether to exercise supplemental jurisdiction over these permissive claims.

2.   Permissive Counterclaims

Prior to the 1990 enactment of § 1367,[8] federal courts did not have jurisdiction over

---

[8] Section (c) of § 1367 states:

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under

permissive counterclaims absent an independent basis for federal subject matter jurisdiction. *See Channell v. Citicorp Nat'l Servs. Inc.*, 89 F.3d 379, 384 (7th Cir. 1996). Since the enactment of § 1367, at least two circuits have held that a federal court may exercise supplemental jurisdiction over certain permissive counterclaims. *See Channell*, 89 F.3d at 384; *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 212-13 (2d Cir. 2004). Both the Second and Seventh Circuits reason that supplemental jurisdiction should be determined by the language of § 1367, such that jurisdiction exists when the state counterclaim and the federal claim are "so related . . . that they form part of the same case or controversy under Article III of the United States Constitution." The issue then is whether a permissive counterclaim also can "form part of the same case or controversy" under §1367 even though it does not "arise from the same transaction or occurrence."[9] While the Eleventh Circuit has not addressed this issue specifically, the question need not be answered, because even under § 1367, this Court would use its discretion to decline to exercise subject matter jurisdiction over MCR's Counterclaim. Section 1367 provides that a court may decline to exercise jurisdiction over a claim if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c).

Here, MCR's state-law claims for aiding and abetting breach of fiduciary duty, tortious interference with a business relationship, breach of contract and quantum meruit clearly predominate over Weitzman's claim for equitable relief by way of a declaratory judgment. Such claim simply requires the Court to scrutinize whether Weitzman has exercised sufficient incidents

---

       subsection (a) if--
        (1) the claim raises a novel or complex issue of State law,
        (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
        (3) the district court has dismissed all claims over which it has original jurisdiction, or
        (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

[9] Compulsory counterclaims by definition "form part of the same case or controversy" because they "arise out of the same transaction or occurrence," and, therefore, supplemental jurisdiction over compulsory counterclaims is proper.

8

of ownership over its copy of the software, whereas, the Counterclaim requires an in-depth analysis into communications between the parties, evidence of the parties alleged contracts, and Florida corporate, employment, contract and fiduciary law. Specifically, the Counterclaim requires an in-depth analysis of a corporate officer's fiduciary duties in a closely-held corporation.[10] Accordingly, § 1367 does not require the assertion of subject matter jurisdiction over MCR's counterclaim.[11]

**IV    Conclusion**

For the reasons set forth above, it is hereby

ORDERED that

(1)    Plaintiff's Motion to Strike Defendant's Countercomplaint [DE 35] is DENIED.

(2)    Plaintiff's Motion to Dismiss Defendant's Countercomplaint for lack of subject matter jurisdiction [DE 35] is GRANTED.

DONE and ORDERED in Miami, Florida this <u>6th</u> day of March, 2007

*[signature]*

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Counsel of Record

---

[10] The Court would also be required to analyze Florida's recognition of the novel common law cause of action for "aiding and abetting the breach of fiduciary duties," which, even though mentioned in various cases, has not been thoroughly developed by Florida courts.

[11] MCR's state-law claims are more appropriately addressed in the pending state court action between John and Paul Fountas and it is unclear why such claims were not originally pursued in that proceeding.